THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
CÁNDIDO E. GAGOT MANGUAL, Defendant and Appellant.

No. CR-67-226.     Decided October 18, 1968.

*Santos P. Amadeo* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant, Cándido E. Gagot Mangual, was convicted by the unanimous verdict of the jury of the offense of grand larceny, consisting in having stolen on September 3, 1966, a 1965 Corvair automobile, license plates 745-945. He appealed.

(1.) In giving the instructions to the jury, the trial judge said:

"Larceny is divided into grand larceny and petit larceny. It is grand larceny when the stolen property has a value of one

hundred dollars or more, and it is petit larceny when the stolen property has a value of less than one hundred dollars. In this case the defendant is charged with larceny . . . grand larceny because it is alleged in the information that the stolen automobile has a value of one hundred dollars or more. As to the value of the automobile there is no controversy, the evidence is that it is worth much more than one hundred dollars. You are not going to consider petit larceny. If an offense has been committed it is grand larceny because of the value of the automobile, if that automobile has been stolen, and there is no controversy in the evidence that it is more than one hundred dollars. That is, you do not have to consider whether or not the offense of petit larceny has been committed."

■■ It is alleged that this instruction is erroneous because the determination of the value of the stolen property is a question of fact which corresponds to the jury. Irrespective of the fact that the defense did not object timely to the instruction which it now challenges the court is under the obligation to instruct the jury not only on the elements of the offense charged, but also on the elements of offenses of lesser degree than the one charged or embraced therein, *when it is thus warranted by the evidence, People* v. *Burgos,* 76 P.R.R. 187, 190 (1954), and cases cited therein; *People* v. *Tufiño Cruz, ante,* p. 219, as well as on the defenses raised by the defendant, *People* v. *Villanueva,* 49 P.R.R. 61 (1935). In the instant case an examination of the evidence reveals that with respect to the value of the vehicle, the only evidence produced established conclusively a value greater than one hundred dollars. It is not only a question of the testimony of the prejudiced party who assessed it at $2,000, as appellant seems to maintain, and which in itself is sufficient, *People* v. *Bonilla,* 83 P.R.R. 286, 289 (1961), without an expert's testimony being necessary to that effect, *People* v. *Rivera,* 75 P.R.R. 282 (1953), but the defendant himself testified that the initial payment made by him amounted to $1,400. Moreover, photographs of the stolen vehicle and

the conditional sales contract were admitted, from which the *only* reasonable inference is that the value exceeded $100. It is fair to indicate that the automobile was a 1965 model, which had been acquired a year before it was stolen, on May 19, 1965, for the price of $3,326 (People's Exh. I). There is nothing in the evidence to warrant instructions on petit larceny and the defendant was not prejudiced by the omission thereof.

(2) It is likewise alleged that error was committed in charging the jury on the concept of reasonable doubt. The instruction says:

"In any criminal cause the defendant's guilt should be established beyond a reasonable doubt and when that doubt exists the defendant should be acquitted. Reasonable doubt is not merely a possible doubt. Reasonable doubt exists when after a careful analysis, examination, and comparison of all the evidence your mind, gentlemen of the jury, is in such a condition that you cannot decide whether you have a firm conviction or moral certainty with respect to the truth of the facts involved in the information. This does not mean that any possible doubt should be destroyed nor that defendant's guilt must be established with mathematical precision, but that the evidence should produce in you that moral certainty which convinces, directs the intelligence, and satisfies the reason. It should not be, then, a speculative or imaginary doubt. The doubt which warrants acquittal should be, not only reasonable, but it must arise from a serene, just and impartial consideration of all the evidence of the case or from the lack of sufficient evidence in support of the information."

The foregoing instruction, which has been sanctioned so many times, sets forth completely the concept of reasonable doubt. Appellant makes reference to another part of the instructions[1] where the court referred to "moral certainty." From

---

[1] "The law does not require a determined number of witnesses in order to prove a fact or circumstance. A sole witness to whom you may give absolute credit is sufficient to establish any fact or circumstance. Neither does the law require that degree of evidence which excluding all possibility

a mere reading it can be observed that it is a question of a reference to the evidence in general terms and not to reasonable doubt.

■ (3) The last three errors refer to the sufficiency of the evidence and to the challenge of what is qualified as a "presumption," that which refers to the possession of stolen objects. We have repeatedly held that the possession of stolen objects, not satisfactorily explained, tends to establish defendant's guilt, and that this fact, coupled with other circumstances of the case, may warrant his conviction. *People v. Rodríguez*, 91 P.R.R. 150 (1964) and cases cited therein. It is not a question, however, of a "presumption" as appellant affirms, it is a permissible inference from the facts established, cf. *People v. Vélez Matos*, 90 P.R.R. 9, 14 (1964). On the other hand, the instruction given by the court on this particular was clear and specific as to the scope of this evidence.[2]

■ A reading of the record shows that the evidence for the prosecution was strong and convincing and that it estab-

---

of error, produces absolute certainty, because such evidence is rarely possible. Moral certainty or that degree of evidence which produces conviction in an unbiased mind is only required."

[2] "The mere possession of the stolen property is not sufficient, would not be sufficient to convict the defendant, that is, the fact that a stolen property is seized on a person, that in itself, in itself alone, would not be sufficient to establish his guilt. Other circumstances must exist from which you may logically and reasonably infer defendant's guilt. As it has been said here in the reports of the parties, the possession of stolen property by a person without an acceptable, logical, and reasonable explanation, then, would be sufficient to establish his guilt. You are the ones to determine in the first place, whether that automobile to which the information refers was stolen and whether it was found in the possession of the defendant and if you understand that those facts have been established then you are going to determine whether the other circumstances which you deem proved by the evidence admitted by the court tend to establish defendant's guilt, that is, tend to establish that it was defendant who stole that automobile with the criminal intent of depriving permanently its owner of its legitimate ownership."

lished sufficiently the offense charged. Appellant's version that he had appeared to execute as surety a conditional sales contract of a Corvair, that he did not read the document nor realize that he signed as purchaser, disappears in view of a series of circumstances as that of the change of the license plates for those of another Corvair, 1961 model, purchased by the defendant, the change of the paint of the stolen vehicle, and more significant the change of the small metal plate which identifies the number of the vehicle's motor.

The errors assigned not having been committed, the judgment rendered by the Superior Court, San Juan Part, on June 30, 1967, will be affirmed.

